# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

ROBERT E. MILLER,          )
                                         )
                 Petitioner,    )
vs.                        )       2:12-cv-253-JMS-DKL
                                         )
WARDEN JOHN OLIVER,   )
                                         )
                 Respondent.   )

## Entry Discussing Selected Matters

### I.

AA necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.@[1] Accordingly, habeas corpus review is available only Awhere the deprivation of rights is such that it necessarily impacts the fact or length of detention.@[2] This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. ' 2241.[3]

The petitioner seeks a writ of habeas corpus based on conditions of his confinement, involving his assignment to certain programs, at the Federal Correctional Complex in Terre Haute, Indiana, and on the asserted violation of his right to procedural due process in connection with sundry disciplinary proceedings.

### II.

As to the programming decisions and other conditions of the petitioner's confinement, the writ he seeks is not available based on the allegations presented. Any claim based on programming decisions and other conditions of his confinement, is therefore summarily dismissed without prejudice.[4]

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

---

[1] *Rose vs. Hodges,* 423 U.S. 19, 21 (1975).
[2] *Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002).
[3] *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991); *Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 138-39 (7th Cir. 1995).
[4] *McFarland v. Scott,* 512 U.S. 849, 856 (1994) "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

### III.

### A.

As to the petitioner's challenges to disciplinary actions, due process protections are applicable if resolution of the matter has resulted in the loss of a protected liberty interest.

Nonetheless, "[d]istrict courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). This fully applies to the confused verbiage which the petitioner has compiled in his petition for a writ of habeas corpus. This deficit, together with the fact that notice pleading does not suffice in an action for habeas corpus relief, *see Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002), requires a renewed effort.

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B.

In view of the foregoing, petitioner Miller shall have **through September 20, 2012,** in which to **file an amended petition for a writ of habeas corpus** which coherently sets forth his claim(s) for relief challenging either the fact or the expected duration of his confinement. "Claims" as used in this setting means the recognized principles of law which, as applied to the facts and circumstances of the challenged disciplinary proceeding, show that proceeding to have been deficient or violative of the petitioner's rights. The amended petition for writ of habeas corpus shall also specify, by date or otherwise, each proceeding which is challenged and shall specify the claim(s) pertaining to each such proceeding.

## C.

A copy of the habeas petition shall be included with the petitioner's copy of this Entry.

**IT IS SO ORDERED.**

Date: 08/28/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Robert E. Miller, Jr.**
**Reg. No. 48707-019**
**Federal Correctional Institution**
**P.O. Box 33**
**Terre Haute, IN 47808**